UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA CARDENAS,<br>　　　　Plaintiff,<br>　　v.<br>COSTCO WHOLESALE CORPORATION,<br>　　　　Defendant. | Case No. 19-cv-00818-PJH<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Dkt. No. 15 |

Defendant Costco Wholesale Corporation's ("Costco") motion for judgment on the pleadings came on for hearing before this court on June 19, 2019. Defendant appeared through its counsel, Christopher Truxler. Plaintiff Carolina Cardenas did not make an appearance. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendant's motion, for the following reasons.

## BACKGROUND

Cardenas began her employment with Costco in 2013. Dkt. 1-1, Ex. 1, Compl. ¶ 10. According to the complaint, between 2014 and early 2017, plaintiff's coworkers repeatedly sexually harassed plaintiff and, when plaintiff reported that conduct, management either ignored her complaints or took retaliatory action. Id. ¶¶ 11-22. On March 17, 2017, Costco terminated Cardenas' employment based on allegations that Cardenas had violated Costco's anti-harassment and discrimination policies. Id. ¶ 19.

The complaint asserts six state law causes of action. Id. ¶¶ 23-59. The first three allege (1) sexual harassment, (2) failure to take steps to prevent discrimination and

1  harassment, and (3) retaliation in violation of California's Fair Employment and Housing
2  Act ("FEHA"). Id. ¶¶ 23-44 (the "FEHA claims"). The latter three are common law claims
3  asserted against Costco for (4) wrongful termination in violation of public policy;
4  (5) breach of written and implied-in-fact contract; and (6) breach of implied covenant of
5  good faith and fair dealing. Id. ¶¶ 45-59. In response to defendant's motion, plaintiff
6  voluntarily dismissed claims four through six. Dkt. 23 at 8. Accordingly, all that remains
7  are plaintiff's FEHA claims.

The FEHA violations that plaintiff complains of have previously been the subject of three administrative charges filed with the California Department of Fair Employment and Housing (the "DFEH") and the United States Equal Employment Opportunity Commission (the "EEOC").

On August 11, 2016, plaintiff filed her first charge of discrimination with the DFEH and EEOC, alleging discrimination and harassment. Dkt. 15-2, Req. Jud. Not., Ex. C.[1] After the DFEH investigated the charge and closed the case for insufficient evidence, the DFEH issued plaintiff a right-to-sue notice on August 2, 2017. Id., Ex. D.

On May 9, 2017, plaintiff filed a second charge with the DFEH, alleging that discrimination and retaliation resulted in her termination. Id., Ex. E. In conjunction with that charge, plaintiff requested an immediate right to sue and, on the same day, the DFEH issued her the notice. Id., Ex. F.

On June 6, 2017, plaintiff filed a third charge with the DFEH and EEOC, alleging discrimination and retaliation. Id., Ex. G. On April 30, 2018, and again on August 24, 2018, the DFEH notified plaintiff that her June 6, 2017 charge was duplicative of her second charge and, therefore, closed the file because the DFEH no longer had jurisdiction once a right-to-sue notice has been issued. Id. at 3 (April 30, 2018 letter), 5 (August 24, 2018 letter). The DFEH did not issue a new right-to-sue notice. Id.

---

[1] The court takes judicial notice of defendant's exhibits C through G. See Adetuyi v. City & Cty. of San Francisco, 63 F. Supp. 3d 1073, 1080–81 (N.D. Cal. 2014) (judicially noticing DFEH and EEOC records).

On September 12, 2018, the EEOC dismissed plaintiff's June 6, 2017 charge. Id. at 4. That dismissal notified plaintiff that the EEOC had closed her file and adopted the DFEH's findings on plaintiff's June 6, 2017 charge. Id. The EEOC simultaneously issued plaintiff her federal right-to-sue notice. Id.

**DISCUSSION**

**A. Legal Standard**

**1. Rule 12(c)**

Rule 12(c) provides: "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The analysis under Rule 12(c) is "substantially identical to [the] analysis under Rule 12(b)(6)." Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks and citation omitted). Specifically, all factual allegations in the complaint must be accepted as true and construed in the light most favorable to the non-moving party. Turner v. Cook, 362 F.3d 1219, 1225 (9th Cir. 2004). "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009) (citation and footnote omitted).

**2. Administrative Exhaustion**

Before suing for a FEHA violation, an employee must exhaust his or her administrative remedies by filing a timely and sufficient charge with the DFEH and receiving a right-to-sue notice. Cal. Gov't Code §§ 12960, 12965(b); Rodriguez v. Airborne Express, 265 F.3d 890, 896 (9th Cir. 2001). The employee then has one year from the date of that notice to commence a civil action. Cal. Gov't Code § 12965(b); Gamble v. Kaiser Found. Health Plan, Inc., 348 F. Supp. 3d 1003, 1022 (N.D. Cal. 2018). That statute of limitations has been strictly enforced. Mandurrago v. Int'l Paper Co., No. 16-cv-00024-BAM, 2016 WL 1382875, at *4 (E.D. Cal. Apr. 7, 2016) (collecting cases).

However, two statutory exceptions, if qualified for, may extend the one-year filing period. First, the period may be tolled if the DFEH defers investigation of the charge to

3

1  the EEOC upon issuing a right-to-sue notice. Cal. Gov't Code § 12965(d)(1). Second,
2  the period may be tolled if the EEOC defers investigation of the charge to the DFEH and,
3  after the DFEH's investigation and determination, the EEOC performs a substantial
4  weight review of the DFEH's determination or the EEOC conducts its own investigation of
5  the claim. Id. § 12965(e)(1). If either exception applies, the time for commencing an
6  action expires when the federal right-to-sue period expires—90 days after receipt of a
7  federal right-to-sue notice—or one year from the date of the right-to-sue notice issued by
8  the DFEH, whichever is later. Id. §§ 12965(d)(2), (e)(2); Payan v. Aramark Mgmt. Servs.
9  Ltd. P'ship, 495 F.3d 1119, 1121-22 (9th Cir. 2007).

Here, plaintiff only contends that the second exception applies.

**B.  Analysis**

The latest DFEH right-to-sue notice that plaintiff received was dated August 2, 2017. See Ex. D. Plaintiff thus had until August 2, 2018, to file her complaint. See Cal. Gov't Code § 12965(b). Plaintiff, however, did not file the present complaint until December 12, 2018. See Compl. at 12. Thus, plaintiff must bridge that approximately four-month gap in order to show that she has timely filed her complaint. To do so, plaintiff points to the § 12965(e) exception and argues that the statute of limitations is tolled here because "the EEOC defer[red] its investigation to the DFEH…" Dkt. 23 at 6:11–12.[2]

Critically, however, tolling under subsection (e) requires more than the EEOC's deference to a DFEH investigation. Instead, subsection (e) does not provide a basis for tolling the statute of limitations unless, "[a]fter investigation and determination by the" DFEH, the EEOC "agrees to perform a substantial weight review of the determination of

---

[2] Plaintiff's alternative reliance on the equitable tolling doctrine and the continuing violation doctrine is misplaced. As to the former, plaintiff provides no basis to conclude that her four-month delay was the result of "good faith and reasonable conduct." Mitchell v. State Dep't of Pub. Health, 1 Cal. App. 5th 1000, 1010 (Ct. App. 2016), as modified on denial of reh'g (Aug. 22, 2016). The latter doctrine allows a charge to cover misconduct that occurred more than one year prior to a plaintiff filing her charge. In short, that doctrine has nothing to do with tolling a plaintiff's time to file a complaint after receipt of a right-to-sue notice.

the [DFEH] or conducts its own investigation of the claim filed by the aggrieved person." Cal. Gov't Code § 12965(e)(1)(C). It is on that requirement that plaintiff's argument falls short.

As an initial matter, plaintiff does not allege that the EEOC conducted its own investigation or completed a substantial weight review of the DFEH's determination. Nor does the administrative record support such a conclusion. There is no indication that the EEOC ever responded to plaintiff's August 11, 2016 or May 9, 2017 charges. And, as to plaintiff's duplicative June 6, 2017 charge, the EEOC's September 12, 2018 notice provides no basis for the court to infer that the EEOC conducted its own investigation or performed a substantial weight review of the DFEH's determination. Ex. G at 4 (indicating that the EEOC "adopted" the findings of the DFEH).

Even if the EEOC conducted such a review, the court doubts that the DFEH's issuance of an immediate right-to-sue notice on May 9, 2017, pursuant to plaintiff's request, constitutes an "investigation and determination" that would satisfy subsection (e)(1)(C). See Cal. Gov't Code § 12965(e)(1)(C); Ex. F at 3. The same goes for the DFEH's April 30, 2018 and August 24, 2018 letters—both of which closed plaintiff's June 6, 2017 charge because it duplicated her May 9, 2017 charge. Ex. G at 3, 5.

## CONCLUSION

For the foregoing reasons, the court finds that plaintiff's FEHA claims are time-barred. Because plaintiff has voluntarily dismissed her other claims, the court GRANTS defendant's motion for judgment on the pleadings and DISMISSES the action WITH PREJUDICE. See Platt Elec. Supply, Inc. v. EOFF Elec., Inc., 522 F.3d 1049, 1060 (9th Cir. 2008) (denying leave to amend because amendment would be futile when claims are barred by statute of limitations).

**IT IS SO ORDERED.**

Dated: June 28, 2019

_____
PHYLLIS J. HAMILTON
United States District Judge